# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **IN RE SECTION 301 FORCED LABOR CASES** | **Before:  Jennifer Choe-Groves, Judge**<br>**Timothy M. Reif, Judge**<br>**Lisa W. Wang, Judge**<br><br><br>**Court No. 26-cv-03555-3JP**<br>**and attached Schedule** |

## <u>STANDARD PROCEDURAL AND SCHEDULING ORDER NO. 26-01</u>

Upon consideration of the joint motion for a scheduling order and the unopposed motion for a case management order filed in <u>Burlap and Barrel, Inc. et al. v. United States of America et al.</u> (Court No. 1:26-cv-03345-3JP, ECF Nos. 9 and 10), <u>Learning Resources, Inc. et al. v. United States of America et al.</u> (Court No. 1:26-cv-03347-3JP, ECF Nos. 12 and 13), and <u>The State of Oregon et al. v. Donald J. Trump et al.</u> (Court No. 1:26-cv-03467-3JP, ECF Nos. 10 and 11), and it appearing that the cases listed in the attached schedule involve claims arising from and that seek relief relating to tariffs announced or imposed on products from economies investigated by the Office of the U.S. Trade Representative and identified in <u>Notice of Actions in Section 301 Investigations of Acts, Policies, and Practices of Various Economies Related to the Failure of Each Economy To Impose and Effectively Enforce a Prohibition on the Importation of Goods</u>

Produced With Forced Labor, 91 Fed. Reg. 47,318 (July 28, 2026), pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411, and that similar actions may subsequently be filed in this Court and assigned to this panel, it is hereby **ORDERED**:

1. *Types of Cases.* The cases listed in the attached schedule and similar cases subsequently assigned to this panel are referenced herein as the "Section 301 Forced Labor Cases," or, individually, as a "Section 301 Forced Labor Case."

2. *Filing of Order.* A copy of this order shall be filed in each Section 301 Forced Labor Case.

3. *Filing Papers with the Court.* The purpose of the following instructions is to reduce the time and expense of duplicate filings of documents through the use of a master case, while at the same time ensuring that the master case is not filled with miscellaneous pleadings and orders that are of interest only to the parties directly affected by them. It is not intended that any party lose any rights based on a failure to follow these instructions.

   a. *Master Case.* The clerk will maintain a master case under the name "In Re Section 301 Forced Labor Cases" as master case number 26-cv-03555-3JP. Orders, pleadings, motions, and other documents bearing a caption similar to that of this order will, when docketed and

filed in the master case, be deemed to have been docketed and filed in each individual case to the extent applicable and will not ordinarily be separately docketed or physically filed in such individual cases. The caption, however, should contain a notation indicating whether the document relates to all cases or only to specified cases.

b. *Separate Filing.* A document that relates only to a specific case and would not be of interest except to the parties directly affected by it should bear the caption and case number of that case, rather than of the master case. Such a document should be docketed and filed in that case, and not in the master case.

c. *Appearances.* Counsel wishing to receive notice of filings in the master case must file a notice of appearance in master case number 26-cv-03555-3JP. A notice of appearance in the master case by counsel for the defendants will constitute an appearance in the Section 301 Forced Labor Cases for purposes of U.S. Court of International Trade ("USCIT") Rule 75(b).

4. *Sample Case*

a. *Identification of Sample Case.* The Court intends to proceed first on a representative sample case subject to consolidated briefing. Such a case will take into account: (1) the diverse claims raised in the various

cases filed to date; (2) the ability to exclude any claim that stands or falls on the basis of another claim already included; and (3) any affirmative defenses that the defendants expect to present.  The Court expects that the sample case identified will permit the efficient disposition of this litigation while allowing the Court to consider all claims raised by the various plaintiffs.

b. *Identification of Steering Committee*.  The Court intends to select counsel to serve as the plaintiffs' steering committee for purposes of: (1) working with the Court to adopt further case management procedures to guide the resolution of these cases going forward; and (2) coordinating amongst themselves to present consolidated briefs and other submissions to the Court.  The Court expects that the number of committee members will be small enough to permit efficient coordination among counsel, yet large enough to provide adequate representation of diverse viewpoints.

Any attorney who believes that they should be included on the steering committee may submit a request and explanation as to why they should be included.  Such a request must be presented separately from any request for an additional sample case and may not exceed 2,500 words.

c. *Stay of Cases Not Selected as Sample Case.*  The Court anticipates issuing a stay of each Section 301 Forced Labor Case assigned to the panel that is not selected to proceed as the sample case, including any related case now pending or hereafter filed in this Court and assigned to this panel.  The plaintiffs in cases not selected as the sample case may participate in the sample case litigation as *amicus curiae.  Amicus* briefs must not repeat the arguments made in the moving briefs and will be subject to substantially reduced word limitations as indicated below.

d. *Briefing in Sample Case.*  Briefing shall proceed on the sample case according to the below schedule.  The parties are expected to abide by the established deadlines.  Any *amicus* brief must be limited to the claims raised in the selected sample case and must not repeat arguments already made by the plaintiffs or defendants.  The Court does not anticipate extending these deadlines, absent extraordinary circumstances, which may include an exceptionally large number of *amicus* briefs presenting distinct arguments, or to prevent manifest injustice.

| Filing | Deadline | Word Limit |
|---|---|---|
| Index of the Administrative Record | August 10, 2026 | N/A |

| Filing | Deadline | Word Limit |
|---|---|---|
| Parties to identify sample case and proposed steering committee members | August 17, 2026 | N/A |
| Plaintiffs' brief for Rule 56.1 motion for judgment on the record in sample case | August 24, 2026 | 20,000 |
| Defendants' consolidated response to plaintiffs' Rule 56.1 motion in the sample case | September 4, 2026 | 20,000 |
| *Amicus curiae* file supporting briefs (if any) | September 11, 2026 | 5,000 |
| Plaintiffs' reply brief in support of the Rule 56.1 motion in the sample case | September 18, 2026 | 7,000 |
| Joint Appendix | September 21, 2026 | N/A |
| Oral Argument | September 30, 2026, at 10:00 a.m., in the Ceremonial Courtroom, at the U.S. Court of International Trade in New York, N.Y. | N/A |

5. *Defendants' Answer.* By August 24, 2026, the defendants will file in master case number 26-cv-03555-3JP an answer that incorporates their defenses in law or fact to claims made against them in the Section 301 Forced Labor Cases. The answer will not attempt to provide a cross-reference to particular paragraphs or counts of the various complaints. The answer will, however, in a "generic" manner admit or deny (including denials based on lack of

information and belief) the allegations included in the claims made against them as well as make such additional allegations as are appropriate to their defenses.  When so filed in master case number 26-cv-03555-3JP, this answer will constitute an answer in each Section 301 Forced Labor Case now pending or hereafter filed in this Court and assigned to this panel, except to the extent the defendants later file a separate answer in an individual case.  The defendants' filing of this answer in the master case will be considered without prejudice to the defendants raising any arguments concerning any plaintiff's failure to state a claim upon which relief can be granted.

6.  *Service of Complaints*

   a.  *Acceptable Service*.  The Office of the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice ("Attorney-in-Charge"), may accept service of the summons and complaint in the Section 301 Forced Labor Cases on behalf of all U.S. Government defendants, including but not limited to Donald J. Trump, in his official capacity as President of the United States; Executive Office of the President; United States of America; U.S. Customs and Border Protection ("CBP"); Rodney S. Scott, in his official capacity as Commissioner of CBP; Office of the U.S. Trade

Representative ; Jamieson Greer, in his official capacity as U.S. Trade Representative; and any other U.S. Government defendants named in cases now pending or hereafter filed in this Court and assigned to this panel, in satisfaction of the obligations arising under 28 U.S.C. § 2633(c) and USCIT Rule 4(h)(2); and to the extent any plaintiff has previously served a copy of the summons and complaint upon the Attorney-in-Charge, pursuant to the service obligations of USCIT Rule 4(h)(1), the service of those documents shall be treated as accomplishing service on all U.S. Government defendants.

b. *Extension of Time to Serve*.  Notwithstanding USCIT Rule 4(l), the plaintiffs shall have thirty days after the date of this order in which to effect service on the defendants.

7. *Motions*

a. *Meet and Confer*.  To avoid unnecessary litigation concerning procedural motions, counsel are directed to meet and confer before filing such motions.  In any such motion filed, counsel for the moving party must certify that a good-faith effort was made to resolve the dispute, with sufficient context for the Court to assist with further resolution.

b. *Motions Under USCIT Rules 11, 12, 56, and 56.1.*  No motion shall be filed under USCIT Rules 11, 12, 56, or 56.1 without leave of court.

8. *Orders.*  For purposes of administration and scheduling, one-judge orders may be entered by Judge Jennifer Choe-Groves as the Presiding Judge in this case.

Dated:  August 13, 2026                    /s/   Jennifer Choe-Groves
New York, New York                    Judge Jennifer Choe-Groves


                                                    /s/   Timothy M. Reif
                                                    Judge Timothy M. Reif


                                                    /s/   Lisa W. Wang
                                                    Judge Lisa W. Wang

## SCHEDULE OF CASES

1:26-cv-03345-3JP
1:26-cv-03347-3JP
1:26-cv-03467-3JP