**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JENNIFER CHOE-GROVES**
**THE HONORABLE TIMOTHY M. REIF**
**THE HONORABLE LISA W. WANG**

| | |
|---|---|
| IN RE SECTION 301 FORCED LABOR CASES | Court No. 26-cv-3555-3JP |

**JOINT RESPONSE TO THE COURT'S**
**STANDARD PROCEDURAL AND SCHEDULING ORDER NO. 26-01**

Pursuant to Standard Procedural and Scheduling Order No. 26-01 (ECF No. 1 ¶ 7(a)), all Plaintiffs have conferred in good faith but are unable to reach agreement on which case should serve as the representative "sample case" for the Section 301 Forced Labor Cases litigation. Each set of Plaintiffs therefore respectfully submits a statement in Part I below explaining why their case should serve as the sample case, and all parties respectfully request that the Court select the sample case (or cases) moving forward. All Plaintiffs have reached agreement on proposed membership of the Steering Committee and submit the names in Part II below.

## I. Sample Case Selection

### A. Statement of *Burlap and Barrel* Plaintiffs

Plaintiffs respectfully submit that *Burlap & Barrel* is the most appropriate representative sample case because Plaintiffs' proposed brief provides the broadest and most complete vehicle for resolving the common Section 301 issues while preserving key statutory, procedural, constitutional, and remedial questions not presented as fully in the other actions.

All three cases overlap on the central issue: whether USTR lawfully used 60 nominally separate Section 301 investigations to impose a near-global tariff program without satisfying

Congress's economy-specific statutory requirements. *Burlap & Barrel* squarely presents those core claims. Its Complaint challenges USTR's failure to establish, for each economy, an identified unreasonable or discriminatory act, policy, or practice; a resulting burden or restriction on U.S. commerce; and an "appropriate and feasible" response directed toward eliminating that practice. It also challenges the near-uniform tariff rates, sweeping product coverage, abbreviated process, and evidence that the Section 301 action was structured to continue the Administration's preceding global tariff regimes.

The administrative record has sharpened and expanded those issues. *Burlap & Barrel* presents independent statutory and constitutional grounds for judgment that do not depend solely on arbitrary-and-capricious review. Plaintiffs' Rule 56.1 motion challenges USTR's use of an external eight-factor framework as the operative benchmark for "effective enforcement"; the absence of a disclosed compliance standard or meaningful off-ramp for obtaining tariff removal; the failure to examine the actual prevalence of forced-labor goods within individual economies' supply chains; and the absence of a reasoned methodology connecting the 10 and 12.5 percent tariff rates to the practices USTR purportedly sought to eliminate.

The briefing also presents an independent statutory claim concerning USTR's failure to invoke the required trade-agreement dispute-settlement mechanisms applicable to USMCA and CAFTA-DR economies. The administrative record contains concrete evidence bearing on whether the purportedly economy-specific consultations were meaningfully conducted. And *Burlap & Barrel* independently preserves the constitutional question of whether, if Section 301 authorizes tariff power of effectively unlimited geographic and product scope without meaningful statutory constraints, Congress has impermissibly delegated its Article I tariff authority.

The case is also unusually representative factually. Burlap & Barrel and Collective Horology are small businesses in entirely different industries—food and independent watches. Their sourcing footprint reaches up to 19 of the 60 investigated economies, giving the Court a materially broader cross-section for evaluating USTR's purportedly economy-specific determinations. By comparison, the competing private action's Complaint identifies foreign manufacturing in seven targeted economies. As commercial importers paying Section 301 duties directly on entered goods, Plaintiffs present unassailable Article III standing, insulating the case from threshold jurisdictional defenses.

Finally, *Burlap & Barrel* provides the most complete vehicle for relief, combining requests for permanent injunctive relief, refunds of unlawfully collected duties, and relief protecting all similarly situated importers, not merely the named Plaintiffs.

Plaintiffs nevertheless remain fully amenable to consolidation of the three actions for merits purposes, with a single jointly developed brief and one oral advocate selected among the plaintiff groups, should the Court prefer a consolidated, collaborative approach rather than designation of a single representative sample case.

**B. Statement of *Learning Resources/HMTX* Plaintiffs**

The *LR/HMTX* plaintiffs set forth reasons below for selection of their case.

*First*, *LR/HMTX* presents no threshold jurisdictional complications. Plaintiffs are private businesses that directly import goods from countries subject to the challenged tariffs and pay those duties directly to the government. No. 26-cv-03347, Compl. ¶¶ 8-9, 17. Their standing as parties "adversely affected" under both Article III and the APA is clear and uncontested. By contrast, this Court has previously confronted standing questions regarding State plaintiffs challenging tariff actions, including in the Section 122 litigation. *Oregon v. United States*, No. 26-01472-3JP, 2026

WL 1257669, at *9-11 (May 7, 2026). Selection of the *LR/HMTX* case avoids any risk that standing disputes could delay or prevent full merits resolution.

*Second*, *LR/HMTX* is free of procedural complexities associated with the other two cases. Unlike *Burlap and Barrel*, which is brought as a class action under USCIT Rule 23, No. 26-cv-03345, Compl. ¶¶ 69-76, *LR/HMTX* is not a class action and does not seek class certification. And unlike *Oregon*, No. 26-cv-03467, Compl. 36, *LR/HMTX* does not inject complexities of broad injunctive relief involving a multi-state action. Rather, *LR/HMTX* seeks vacatur—the default APA remedy that, if granted, would benefit all affected importers without requiring resolving issues related to class certification or injunctive relief.

*Third*, the *LR/HMTX* complaint raises the same core claims presented across the pending cases—that the challenged tariffs exceed USTR's statutory authority, are arbitrary and capricious, and violate the nondelegation doctrine—ensuring that the sample case will address the full range of legal issues raised in this litigation.

*Fourth*, counsel in *LR/HMTX*—including Akin partners Pratik Shah (who argued the *HMTX* Section 301 challenges in this Court, plus dozens of appeals in the Federal Circuit and Supreme Court), Matthew Nicely (former President of the Customs and International Trade Bar Association and previous member of this Court's Advisory Committee), and Devin Sikes (current member of this Court's Advisory Committee)—are uniquely positioned to serve in this role. They acted as lead counsel for the "sample case" in the prior *HMTX* litigation challenging an earlier Section 301 action (in this Court, the Federal Circuit, and the Supreme Court). They also led the formation of, and chaired, the coordinating Steering Committee in that litigation. Counsel is therefore intimately familiar with the sample-case model, the Court's procedures, and the efficient management of coordinated litigation.

Moreover, *LR/HMTX* counsel collectively have decades of experience practicing trade law and count former USTR, CBP, and DOJ officials in their firm ranks. Their deep experience before this and the appellate courts—as well as established track record of coordinating with Government counsel (including in coordinating discussions for all plaintiffs with the Government earlier in this action)—ensures that this case will be presented efficiently, comprehensively, and effectively.[1]

**C. Statement of Plaintiff States**

Given the States' unique position, the States respectfully submit that their case should be included among those cases that this Court selects as a "sample case" to proceed for a merits determination, as in previous cases involving worldwide tariff regimes. *See* Order at ¶ 4(b) (envisioning potential for more than one sample case).

Generally, States are sovereigns given "special solicitude" when coming into court. *Massachusetts v. EPA*, 549 U.S. 497, 520 (2007). Part of the States' "special position and interest" in the federal system, *id.* at 518, is their task of "afford[ing] … security against invasions of the public liberty by the national authority," The Federalist No. 28 (Hamilton). The States here seek to preserve those liberties by holding the national authority to account in court, a task fundamental to their role in our federal system and deriving from their position as holding "the dignity, though not the full authority, of sovereignty." *Massachusetts*, 549 U.S. at 519; *see also Learning Resources, Inc. v. Trump*, 146 S. Ct. 350 (2025) (mem.) (allocating oral argument time in IEEPA case to one advocate for the States and one advocate on behalf of the two private-plaintiff

[1] The *LR/HMTX* plaintiffs are amenable to designation of *Oregon* as a supplementary "sample case," if the Court decides that the States' interests warrant separate representation. We propose allocating the 20,000 words for Plaintiffs' opening brief as follows: 14,000 to *LR/HMTX* and 6,000 to *Oregon*.

groups and declining the three-way split jointly proposed by the parties, reflecting the States' sovereign role and unique economic interests).

Moreover, the States have special interests in this dispute because unpredictable tariff regimes make it challenging for States (which pay both direct and indirect costs) to budget and to negotiate contracts across a wide range of sectors and countries. *See, e.g.*, *City & Cnty. of San Francisco v. Trump*, 783 F. Supp. 3d 1148, 1202 (N.D. Cal. 2025) (holding that budget uncertainty of public plaintiffs constitutes irreparable harm). Private plaintiffs' economic interests are undoubtedly implicated here, too, but States engage in these activities in a sovereign capacity and on a much broader scale. *See Oregon v. United States*, Court No. 26-01472-3JP, ECF No. 27-5, ¶ 19 (estimating 10% tariffs cost Plaintiff States $748 million annually).

These interests, together with the pocketbook harm imposed on the States, ensure that the States have strong claims—and standing to assert those claims. *See V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350, 1368–69 (C.I.T. 2026); *Oregon v. United States*, No. 26-01472-3JP, 2026 WL 1257669, at *9 & n.13 (C.I.T. May 7, 2026). The States plan to submit evidence, including an economic analysis, showing standing as direct and indirect purchasers and as sovereigns who will be harmed by the Section 301 tariffs. Further, the States' experience litigating tariff issues before this Court; their deep experience litigating claims under the Administrative Procedure Act; and the diverse viewpoints they can offer on behalf of 25 state sovereigns—democratically accountable to 58 percent of the American population—weighs heavily against staying Plaintiff States' case.

The States' participation would be consistent with how this Court and appellate courts have proceeded in prior cases challenging this Administration's tariffs policies. Accordingly, the States respectfully request that their case be among those selected as "sample cases."

## II. Steering Committee

All plaintiffs agree on the proposed membership of the Steering Committee. The members proposed below are all counsel in the three Forced Labor Section 301 Cases (and are aware of no other pending or future actions challenging the same tariffs). Given the dynamics within the State Plaintiff group, the States have three proposed members, whereas the private Plaintiffs each have one proposed member. But all Plaintiffs are intended to have equal voice on the Steering Committee, with counsel for the sample case(s) taking the lead on litigating its respective case:

- **Pratik Shah**, counsel for plaintiffs in *LR/HMTX*, is a partner and head of Akin Gump Strauss Hauer & Feld's Supreme Court and appellate practice. He argued the sample case before this Court and in the Federal Circuit in the challenges to the modifications of the Section 301 action on China related to intellectual property and forced technology transfer. *See In Re Section 301 Cases*, Case No. 21-cv-00052 (Ct. Int'l Trade); *HMTX Industries LLC v. United States*, Case No. 20-cv-00177 (Ct. Int'l Trade).
- **Jeffrey Schwab**: Mr. Schwab, counsel for plaintiffs in *Burlap and Barrel,* is Senior Counsel and Director of Litigation at the Liberty Justice Center. He argued two cases before this Court challenging the imposition of unlawful tariffs. *See V.O.S. Selections, Inc. v. Trump*, Case No. 25-66 (IEEPA); *Burlap and Barrel, Inc. v. Trump*, Case No. 26-1606 (Section 122).
- **Brian Simmonds Marshall** (Oregon Department of Justice, Portland, Oregon): Mr. Marshall is a Senior Assistant Attorney General with the Oregon Department of Justice. He argued for the States in this Court in two prior tariff cases in this Administration. See *Oregon v. U.S. Dept. of Homeland Security*, Case No. 1:25-cv-00077 (IEEPA) and *Oregon v. Trump*, Case No. 1:26-cv-01472 (C.I.T.) (Section 122).

- **Josh Bendor** (Arizona Attorney General's Office, Phoenix, Arizona): Mr. Bendor is the Solicitor General in the Arizona Attorney General's Office. He represented the State of Arizona in the two prior tariff cases filed by the States during this Administration—in this Court, the U.S. Court of Appeals for the Federal Circuit, and the U.S. Supreme Court.
- **Shiwon Choe** (California Attorney General's Office, San Francisco, California): Mr. Choe is a Deputy Attorney General in the California Attorney General's Office. He represented the State of California in the two prior tariff cases it filed during this Administration challenging the IEEPA and Section 122 tariffs.

* * *

Defendants respectfully submit that the procedures established by the Court (ECF No. 1) will promote effective case management and conserve resources in this complex litigation, and defendants otherwise defer to the Court on (1) which of the Section 301 Forced Labor Cases should be selected as the sample case, and (2) which plaintiffs' attorneys should be selected for the Steering Committee.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Jeffrey M. Schwab*
Jeffrey Schwab
Reilly Stephens
James McQuaid
Liberty Justice Center
1629 K Street N.W.
Suite 300
Washington, DC 20006
(512) 481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs Burlap and Barrel, Inc., and Collective Horology LLC*

*/s/ Pratik A. Shah*
Pratik A. Shah
James E. Tysse
Matthew R. Nicely
Devin S. Sikes
Daniel M. Witkowski
Kristen E. Loveland (*admission application pending*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
pshah@akingump.com

*Counsel for Plaintiffs Learning Resources, Inc., hand2mind, Inc., HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, Shannon Specialty Floors LLC, and shopHMTX LLC*

**DAN RAYFIELD**
Attorney General for the State of Oregon

BENJAMIN GUTMAN
Deputy Attorney General
DUSTIN BUEHLER
Special Counsel

By: *<u>/s/ Brian Simmonds Marshall</u>*
Brian Simmonds Marshall
Leanne E. Hartmann
Samuel Kubernick*
Brian Collins*
Brian Bowcut*
*Senior Assistant Attorneys General*
YongWoo Joh
*Assistant Attorneys General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Brian.S.Marshall@doj.oregon.gov
Leanne.Hartmann@doj.oregon.gov
Samuel.A.Kubernick@doj.oregon.gov
Brian.Collins@doj.oregon.gov
YoungWoo.Joh@doj.oregon.gov
Brian.Bowcut@doj.oregon.gov

*Counsel for State of Oregon*

**KRISTIN K. MAYES**
Attorney General
State of Arizona

By: *<u>/s/ Joshua D. Bendor</u>*
Joshua D. Bendor
*Solicitor General*
Syreeta A. Tyrell
Senior Litigation Counsel
Timothy E.D. Horley*
Jaylia Yan *
*Assistant Attorneys General*
2005 North Central Avenue
Phoenix, Arizona 85004
Tel: (602) 542-3333
Joshua.bendor@azag.gov
Syreeta.Tyrell@azag.gov
Timothy.Horley@azag.gov
Jaylia.Yan@azag.gov
ACL@azag.gov

*Counsel for the State of Arizona*

**ROB BONTA**
Attorney General
State of California

By: /s/ Shiwon Choe
Lara Haddad*
*Supervising Deputy Attorney General*
Shiwon Choe
Zelda Vassar
Carolyn Downs*
Samuel Sokolsky*
*Deputy Attorneys General*
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Tel: (415) 510-4400
Lara.Haddad@doj.ca.gov
Shiwon.Choe@doj.ca.gov
Zelda.Vassar@doj.ca.gov
Carolyn.Downs@doj.ca.gov
Samuel.Sokolsky@doj.ca.gov

*Counsel for the State of California*

**PHILIP J. WEISER**
Attorney General State of Colorado

By: /s/ Sarah H. Weiss
Sarah H. Weiss
*Senior Assistant Attorney General*
1300 Broadway #10
Denver, CO 80203
Tel: (720) 508-6000
Sarah.Weiss@coag.gov

*Counsel for the State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: /s/ Michael Skold
Michael Skold
*Solicitor General*
165 Capitol Ave
Hartford, CT 06106
Tel: (860) 808-5020
Michael.Skold@ct.gov

*Counsel for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: /s/ Ian R. Liston
IAN R. LISTON
*Director of Impact Litigation*
VANESSA L. KASSAB
*Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
Tel: (302) 683-8899
ian.liston@delaware.gov

*Counsel for the State of Delaware*

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: /s/ *Kalikoʻonālani D. Fernandes*
Kalikoʻonālani D. Fernandes*
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
Tel: (808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

**KWAME RAOUL**
Attorney General State of Illinois

By: /s/ *Gretchen Helfrich*
Cara Hendrickson
*Executive Deputy Attorney General*
Gretchen Helfrich
*Deputy Chief, Special Litigation Bureau*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
Tel: (312) 814-3000
Cara.Hendrickson@ilag.gov
Gretchen.helfrich@ilag.gov

*Counsel for the State of Illinois*

**OFFICE OF THE GOVERNOR *ex rel.* ANDY BESHEAR**
In his official capacity as Governor of the Commonwealth of Kentucky

By: /s/ *S. Travis Mayo*
S. Travis Mayo*
*General Counsel*
Sam Flynn*
*Chief Deputy General Counsel*
Laura C. Tipton*
Deputy General Counsel
Office of the Governor
501 High Street Frankfort, KY 40601
Tel: (502) 564-2611
travis.mayo@ky.gov
sam.flynn@ky.gov
laurac.tipton@ky.gov

*Counsel for Governor Andy Beshear*

**AARON M. FREY**
Maine Attorney General

By: /s/ *Katherine W. Thompson*
Katherine W. Thompson
*Special Counsel*
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel: (207) 626-8455
Fax: (207) 287-3145
Kate.thompson@maine.gov

*Counsel for Plaintiff State of Maine*

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: */s/ James C. Luh*
James C. Luh*
*Senior Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Tel: (410) 576-6411
jluh@oag.maryland.gov

*Counsel for the State of Maryland*

**ANDREA JOY CAMPBELL**
ATTORNEY GENERAL OF
MASSACHUSETTS

By: */s/ Katherine Dirks*
Katherine Dirks
*Chief State Trial Counsel*
Office of the Massachusetts Attorney General
1 Ashburton Place
Boston, MA 02108
Tel: (617) 963-2277
katherine.dirks@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**DANA NESSEL**
Attorney General of Michigan

By: */s/ Neil Giovanatti*
Neil Giovanatti
*Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
Tel: (517) 241-1050
GiovanattiN@michigan.gov

*Counsel for the State of Michigan*

**KEITH ELLISON**
Attorney General State of Minnesota

By: */s/ Lindsey E. Middlecamp*
PETER J. FARRELL (0393071)
*Deputy Solicitor General*
LINDSEY E. MIDDLECAMP (0392589)
*Special Counsel*
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1010 (Voice)
(651) 282-5832 (Fax)
Peter.farrell@ag.state.mn.us
Lindsey.middlecamp@ag.state.mn.us

*Counsel for the State of Minnesota*

**AARON D. FORD**
Attorney General

By: _/s/ K. Brunetti Ireland_
K. Brunetti Ireland
*Chief of Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Counsel for the State of Nevada*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: _/s/ David N. Birch_
David N. Birch*
*Deputy Attorney General*
124 Halsey Street, 5th Floor
Newark, New Jersey 07101
Tel: (609) 696-5363
david.birch@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

By: _/s/ Amy Senier_
AMY SENIER
*Senior Counsel*
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Tel: (505) 490-4060
asenier@nmdoj.gov

*Counsel for the State of New Mexico*

**LETITIA JAMES**
Attorney General of New York

By: _/s/ Rabia Muqaddam_
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
28 Liberty St.
New York, NY 10005
Tel: (212) 416-8883
rabia.muqaddam@ag.ny.gov

*Counsel for the State of New York*

**JEFF JACKSON**
Attorney General of North Carolina

LAURA HOWARD
Chief Deputy Attorney General

By: _/s/ Daniel T. Wilkes_
Daniel T. Wilkes
*Assistant Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: (919) 716-6415
dwilkes@ncdoj.gov

*Counsel for the State of North Carolina*

**JOSH SHAPIRO**,
in his official capacity as Governor of the Commonwealth of Pennsylvania

JENNIFER SELBER
General Counsel

By: _/s/ Jacob B. Boyer_
Jennifer C. Selber
Jacob B. Boyer
*Deputy General Counsel*
Governor's Office of General Counsel
30 North 3rd Street, Suite 200
Harrisburg, PA 17101
jacobboyer@pa.gov

*Counsel for Governor Josh Shapiro*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: /s/ Alex Carnevale
Alex Carnevale*
*Special Assistant Attorney General*
Office of the Attorney General - State of Rhode Island
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
acarnevale@riag.ri.gov

*Counsel for the State of Rhode Island*

**CHARITY R. CLARK**
Attorney General of Vermont

By: /s/ Ryan P. Kane
RYAN P. KANE
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
ryan.kane@vermont.gov

*Counsel for the State of Vermont*

**JAY JONES**
Attorney General for the Commonwealth of Virginia

By: /s/Megan C. Keenan
Megan C. Keenan*
*Deputy Solicitor General*
202 North Ninth Street
Richmond, Virginia 23219
Tel: (804) 997-5222
mkeenan@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

**NICHOLAS W. BROWN**
Attorney General
State of Washington

By: /s/ S. Todd Sipe
TODD SIPE, WSBA 23203
*Assistant Attorney General*
Office of the Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Tel: (206) 464-7744
todd.sipe@atg.wa.gov

*Counsel for the State of Washington*

**JOSHUA L. KAUL**
Attorney General of the State of Wisconsin

By: /s/ Brian Keenan
Brian Keenan*
*Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707
Tel: (608) 266-0020
brian.keenan@wisdoj.gov

*Counsel for the State of Wisconsin*

* *Admission application pending or forthcoming*