**UNITED STATES COURT OF INTERNATIONAL TRADE**

| IN RE SECTION 301 FORCED LABOR CASES | Before: Honorable Jennifer Choe-Groves, Judge<br>Honorable Timothy M. Reif, Judge<br>Honorable Lisa W. Wang, Judge<br><br>Court No. 26-cv-03555-3JP<br>and all underlying cases |
|---|---|

**MOTION FOR LEAVE OF FORMER U.S. TRADE OFFICIALS TO FILE BRIEF AS *AMICI CURIAE***

Pursuant to Rules 7 and Rule 76 of the U.S. Court of International Trade ("USCIT") and this Court's inherent authority, proposed *amici curiae* Ambassador Carla A. Hills, Ambassador Alan Wm. Wolff, and Mr. Warren H. Maruyama (collectively, "*proposed Amici*"),[1] respectfully move for leave to file the attached Brief of *Amici Curiae* in support of Plaintiffs. Proposed *Amici* seek to offer the Court historical and legal analysis bearing on the separation of powers and statutory interpretation questions that lie at the heart of this case. These issues implicate fundamental questions about the proper allocation of authority among the branches of government, and the interpretive methodologies this Court should employ in construing the statute at issue. The proposed brief will situate these questions within their broader historical and constitutional context, drawing on first-hand experience, legislative history, and scholarly analysis to assist the Court in reaching a fully informed resolution. Importantly, proposed *Amici* personally participated in the negotiations and deliberations that shaped the drafting and early use of Section 301 of the

[1] Proposed *Amici* represent themselves in this matter. *See* USCIT Rule 75(a) ("Only an attorney admitted to the bar of the court may practice before the court, *except that individuals may represent themselves in an action*." (emphasis added)); *id.,* Rule 75(b) ("*Except for an individual* (not a corporation, partnership, organization or other legal entity) appearing *pro se*, each party and any *amicus curiae* must appear through an attorney authorized to practice before the Court." (emphasis added)).

Trade Act of 1974, as indicated in their statements of interest, making their experience particularly valuable as the Court determines the applicability of the statute to the facts presented.

A copy of the proposed brief is attached to this motion and conditionally filed as allowed by USCIT Rule 76.

**INTEREST OF *AMICI CURIAE***

Proposed *Amici* are a group of former senior U.S. trade officials. They bring over a century of combined experience at the highest levels of U.S. trade policy, law, and diplomacy to bear on the questions presented here. Their direct personal involvement in shaping, negotiating, and administering the Trade Act of 1974 gives them unique insight into the legislative intent and institutional practice that few others could offer the Court.

**Ambassador Carla A. Hills** served as United States Trade Representative from 1989 to 1993. As President George H.W. Bush's chief trade advisor and negotiator, she oversaw the implementation of the Super 301 and Section 301 provisions of U.S. trade law. She negotiated and concluded the North American Free Trade Agreement, led the U.S. negotiations on the Uruguay Round Agreements which resulted in the creation of the World Trade Organization ("WTO"), and concluded trade and investment agreements with countries around the world. Ambassador Hills also oversaw key Section 301 actions, including the implementation of the first US-Japan Semiconductor Agreement, one of the most important agreements ever negotiated under Section 301, as well as the negotiation of the second U.S. – Japan Semiconductor Agreement in 1991 and the lifting of retaliation imposed under Section 301. This was the earliest use of Section 301's retaliatory authority to enforce a U.S. trade agreement and led to an agreed solution between the U.S. and a major trading partner. Earlier, Ambassador Hills served as Secretary of Housing and Urban Development (the third woman to hold a Cabinet position) and

Assistant Attorney General for the Civil Division at the Department of Justice. As Chairman of Hills & Co., she has advised multinational clients on U.S. trade law and policy, including Section 301 matters.

**Ambassador Alan Wm. Wolff** played a central role in the development of Section 301 of the Trade Act of 1974. As the Department of Treasury's lead international trade lawyer from 1969 to 1973, he originated the Nixon Administration's proposal to revise Section 252 of the Trade Expansion Act of 1962 and drafted the initial version of what became Section 301 He subsequently served as Deputy General Counsel (1973-74) and General Counsel (1974-77) of the Office of the Special Representative for Trade Negotiations, where he was the principal Administration draftsman of the Trade Act of 1974 during its consideration by Congress. In that capacity, he represented the Nixon and Ford Administrations throughout the legislative process and attended all House Ways and Means Committee and Senate Finance Committee mark-up sessions concerning the bill that became the Trade Act of 1974.[2] Ambassador Wolff later served as Deputy Special Trade Representative under President Jimmy Carter from 1977 to 1979. In private practice, he represented the principal private party in the negotiation of the first agreement concluded under Section 301 and in the first use of Section 301's retaliatory authority in 1987. Most recently, he served as Deputy Director-General of the World Trade Organization from 2017 to 2021 and is currently a Senior Fellow at the Peterson Institute for International Economics.

**Warren H. Maruyama** has played a significant role in the development and implementation of U.S. trade policy, including Section 301, across multiple administrations. He served as General Counsel of the Office of the United States Trade Representative ("USTR") from

[2] The committee mark-up sessions for H.R. 10710, the bill that became the Trade Act of 1974, were held in closed executive session, off the public record and not open to the public.

2007 to 2009 under President George W. Bush, and previously served on the White House staff under President George H.W. Bush as Deputy Associate Director (1989-91) and Associate Director (1992-93) for International Economic Policy. Earlier, as Associate General Counsel at USTR (1983-89), he participated in drafting both the Trade and Tariff Act of 1984 and the Omnibus Trade and Competitiveness Act of 1988. During his government service, Mr. Maruyama was involved in the Reagan Administration's decision to self-initiate Section 301 investigations involving Japan, the European Communities, Korea, and Brazil in 1985; the implementation of the Super 301 provisions of the 1988 Act under President George H.W. Bush; and the successful use of Section 301 tariffs during the long-running WTO dispute in *European Communities - Measures Concerning Meat and Meat Products (Hormones)* under President George W. Bush.

## GROUNDS FOR LEAVE

This Court has discretion to permit the filing of *amici* briefs when *amici* have "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Associates, P.A. v. C.I.R.,* 293 F.3d 128, 129 (3d. Cir. 2002) (Alito, J.); *see also* Fed. R. App. P. 29(a)(3)(B). Although the Rules of the Court of International Trade do not set forth detailed requirements for *amici* participation, courts have routinely granted leave to file such briefs where *amici* (1) offer a unique or specialized perspective, (2) are not duplicative of the parties' arguments, and (3) may aid the court in deciding issues of public and constitutional importance.

Proposed *Amici*'s brief satisfies those criteria. As noted above, it provides the unique perspective of distinguished former U.S. trade officials with personal experience in negotiating and administering the statute at issue. The arguments in the *amici* brief are not duplicative; rather, the brief supplements the parties' arguments, providing useful context and additional

considerations. The *Amici*'s unique qualifications provide a valuable perspective that will provide the Court with a deeper understanding of the statute's drafting history and the constitutional balance its drafters sought to strike.

**CONCLUSION**

For these reasons, proposed *Amici* respectfully request that the Court grant this motion and accept the attached *Amici* Brief for filing.[3]

Dated: September 10, 2026.

Respectfully submitted,

/s/ Alan Wm. Wolff

Alan Wm. Wolff
20 Bridle Court
P.O. Box 59110
Potomac, MD 20854
(202) 577-6107
alan.wolff@alanwmwolff.com

/s/ Warren H. Maruyama

Warren H. Maruyama
4131 Harrison Street NW
Washington, DC 20015
(202) 253-3844
WHMaruyama@gmail.com

/s/ Carla A. Hills

Carla A. Hills
5610 Wisconsin Avenue
Unit 20C
Chevy Chase, MD 20815
(202) 441-1875
Cahills@hillsandco.com

---

[3] Baker & Hostetler LLP is filing this motion as a courtesy to proposed *Amici*, who are proceeding *pro se*. Baker & Hostetler LLP does not represent proposed *Amici*.

## CERTIFICATE OF SERVICE

I, Tung A. Nguyen, hereby certify that on September 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants.

**Dated: September 10, 2026**

/s/ Tung A. Nguyen

Tung A. Nguyen
Baker & Hostetler LLP