**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **IN RE SECTION 301 FORCED LABOR CASES** | **Before: Jennifer Choe-Groves, Judge**<br>**Timothy M. Reif, Judge**<br>**Lisa W. Wang, Judge**<br><br>**Court No. 26-cv-03555-3JP** |

**ORDER**

Upon consideration of the Oral Argument held on September 30, 2026 (ECF No. 56), and all papers and proceedings in this action, it is hereby

**ORDERED** that the Parties shall provide further briefing, not to exceed 10,000 words each, on the following questions on or before October 16, 2026:

1. Under which statutory provision did the Office of the U.S. Trade Representative ("USTR") make its unreasonableness determination and why?
2. Is USTR required to consider the level of economic development as part of an unreasonableness determination under 19 U.S.C. § 2411(d)(3)(B)(iii), pursuant to the statute or the Administrative Procedure Act?

3. How does USTR's reliance on 19 U.S.C. §§ 2411(d)(3)(A) or (B) affect vacatur?

4. In the context of this In Re proceeding, do plaintiffs have standing to challenge the entirety of USTR's final actions or do plaintiffs have standing only with respect to specific countries? Should the State plaintiffs' standing be considered at the same time as the private party plaintiffs?

   To what extent, if any, does the Court's scheduling order (pertinent language excerpted below) bear on this issue: "The Court intends to proceed first on a representative sample case subject to consolidated briefing. Such a case will take into account: (1) the diverse claims raised in the various cases filed to date; (2) the ability to exclude any claim that stands or falls on the basis of another claim already included; and (3) any affirmative defenses that the defendants expect to present. The Court expects that the sample case identified will permit the efficient disposition of this litigation while allowing the Court to consider all claims raised by the various plaintiffs."

To the extent that the private and State plaintiffs collectively do not export from all the countries and/or economies subject to USTR's determination, does the Court have jurisdiction over those remaining countries from which no parties export goods?

Dated: October 2, 2026
New York, New York

/s/ Jennifer Choe-Groves
Judge Jennifer Choe-Groves

/s/ Timothy M. Reif
Judge Timothy M. Reif

/s/ Lisa W. Wang
Judge Lisa W. Wang